Lillibridge v. Ross, et al.

———o———

ISAAC LILLIBRIDGE, Respondent, *vs.* JOHN A. ROSS, *et al.,* Appellants.

1. *Partition—Person joined as plaintiff without consent may have sale under set aside.*—Where one is joined as co-plaintiff in a partition suit without his consent, he may sue in equity to set aside judgment and sale thereunder. The case is distinguishable from one where suit is brought to set aside a judgment in partition by plaintiff, who was not a party to the former suit. (See Peak vs. McLaughlin, 49 Mo., 162.) In the latter instance, he is not bound by the record under any circumstances. In the former, he cannot attack it collaterally.

*Appeal from Andrew Circuit Court.*

*Heren & Rea,* for Appellants.

I. The case of Peak vs. Laughlin, (49 Mo., 162,) is a case directly in point and settles this case. Lillibridge's rights in this case were no more effected by Ross using his name without his knowledge or consent, than if his name had not been used at all in the partition suit. In either case the decree and sale under it were void as to him, and he could successfully attack them in any collateral proceeding. (Smith vs. Ross & Strong, 7 Mo., 463; Galahan vs. Gates, 20 Mo., 236; Edgell vs. Sigerson, 20 Mo., 494; Smith vs. McCutchen, 38 Mo., 417; Higgins vs. Peltzer, 49 Mo., 152; 15 Johns. [N. Y.], 121.)

*Bennett Pike, with J. D. Strong,* for Respondent.

The case of Peak vs. Laughlin (49 Mo., 162), is clearly distinguishable from the case at bar. In that case, the party seeking relief, had not been party to the partition suit and proceedings, and was not affected by them. But plaintiff here was unwittingly a party, and could not assail the judgment collaterally.

WAGNER, Judge, delivered the opinion of the court.

This was an equitable proceeding to set aside a judgment rendered in partition and a sale made thereunder.

It was alleged in the bill in substance that the plaintiff and some of the defendants were owners, as tenants in common, of a piece of land, and that defendant, Ross, caused a suit in partition to be brought and a decree rendered for the sale thereof, and that the same was sold without any notice, legal or otherwise, having been given to plaintiff, and that plaintiff had no knowledge thereof, until he ascertained the fact after the sale, and that the decree was procured by the fraudulent acts of the defendant Ross.

The court below gave judgment in accordance with the prayer of the petition, set the decree in partition aside, and adjudged the sale under it to be void.

Lillibridge v. Ross, et al.

We think the evidence fully warrants and sustains the action of the court. The facts are that Ross, without any knowlege or authority from the plaintiff, instituted the proceeding for partition, in which he joined the plaintiff here as a co-plaintiff with himself. The evidence strongly tends to establish that this was done to keep plaintiff in ignorance, and prevent his offering any resistance. As he had no authority for joining him as a plaintiff, he ought to have made him a defendant, but in that event, notice would have been necessary, and the purpose had in view would probably have been defeated. As it was, the plaintiff was not advised of either the suit or the sale, till after it had taken place and his property was sold for less than half its value.

But the counsel for the defendants insist, that, if we should be of the opinion that the evidence established the fact that the judgment in partition was obtained by fraud, still the plaintiff cannot maintain this suit, that, if fraudulent, it is simply a nullity, and that his rights were not impaired. For this position, Peak vs. Laughlin (49 Mo., 162), is cited and relied on. But that case is clearly distinguishable from this. There the suit was brought to set aside a judgment in a partition case were the plaintiffs were not parties. As they were not parties to the proceeding, their rights were not concluded or bound by the record, and there was nothing to prevent the assertion of their interest wherever it might be drawn in question. But here the case is otherwise. The judgment and the deed, made at the sale in pursuance thereof, casts a cloud upon the plaintiff's title. As the judgment is fair upon its face, and the plaintiff appears as a party thereto, he could aver nothing against it in a collateral proceeding, and his only effectual remedy is to set it aside by a direct proceeding instituted for that purpose.

As the case stands, by a fraudulent contrivance, the plaintiff has been deprived of his rights without ever having had his day in court. This is contrary to the fundamental principle that hearing should always precede condemnation. As

the judgment was fraudulently obtained, it was rightfully set aside, and the sale made by virtue of its authority necessarily fell with it.

Judgment should be affirmed, the other judges concurring.