[Arnett v. Bailey.]

# Arnett *v.* Bailey.

*Bill in Equity for Partition of Lands, Account of Rents and Profits, and Cancellation of Deed as Cloud on Title.*

1. *Cancellation of deed as cloud on title.*—A bill in equity for the cancellation of a deed, as a cloud on the title to lands, can not be maintained by a person who is not in possession.

2. *When cestui que trust can not come into equity.*—When the legal title to lands is vested in a trustee, the *cestui que trust* can not maintain a bill in equity against an adverse holder, to recover possession, without an averment that the trustee refuses to sue at law.

3. *Partition of lands in equity.*—A court of equity will entertain a bill for the partition of lands, at the suit of one joint tenant, or tenant in common, who shows a clear title to an undivided interest therein.

4. *Sale of decedent's lands, under probate decree, for payment of debts; jurisdiction of court, and sufficiency of petition*—A petition by an administrator for the sale of devised lands, for the payment of debts, must allege that the personal property is insufficient for that purpose, and that the will contains no power of sale; otherwise, it is not sufficient to give the court jurisdiction, and an order of sale founded on it is void; but, if the will is made an exhibit to the bill, and contains no power of sale, this remedies the want of such an averment in the petition, when the proceedings are collaterally attacked.

5. *Same; amendment of petition; irregularities.*—When the sale is collaterally attacked, and the record shows that two petitions were filed, one will be considered as an amendment of the other, in order to sustain the jurisdiction of the court; and when the jurisdiction is shown to have attached, by the filing of a sufficient petition, the sale can not be collaterally impeached, because the names and residences of all the parties in interest are not stated in the petition; nor because less than forty days elapsed between the filing of the petition and the day set for the hearing; nor because the order setting a day for the hearing of the petition appears to have been made several days before the petition was filed: these are mere irregularities, and do not affect the validity of the sale, when collaterally attacked.

APPEAL from the Chancery Court of Limestone.

Heard before the Hon. HENRY C. SPEAKE.

The bill in this case was filed on the 24th January, 1876, by Mrs. Laura W. Arnett, against James M. Bailey and his wife, Mrs. Jane F. Bailey, who was the complainant's sister, and against Benjamin N. Word; and sought a partition of certain lands, of which said Bailey and wife had possession, an account of the rents and profits while in their possession, and the cancellation of the deed under which they claimed the lands. The lands had belonged to Mrs. Jane Mahone, who was the mother of the complainant and Mrs. Bailey, and who, on her death in 1866, by her last will and testament, which was duly admitted to probate after her death, devised said tract of land, with other property, one half to Mrs.

[Arnett v. Bailey.]

Bailey in fee simple, and the other half to said Benjamin N. Word, in trust for the complainant; the rents and income of her interest to be paid to her by said trustee during her coverture, and the property to be conveyed by him to her on the death of her husband, if she survived him, or to her children in the event of her death. Letters of administration on the estate of Mrs. Mahone were granted to John Turrentine, who, on the 16th January, 1868, sold the lands, under an order of the Probate Court, for the payment of debts; Mrs. Bailey becoming the purchaser, at the price of $200, and receiving a deed from the administrator, after the confirmation of the sale by the court. This was the deed under which Mr. and Mrs. Bailey claimed and held the lands, and which the bill asked to have cancelled, as a cloud on the title.

The bill alleged that the order, or decree, under which the lands were sold, was void for want of jurisdiction in the court; its averments on this point being in these words: "It is true that, on *October* 2, 1867, an order was made and entered by said Probate Court, setting a petition of said administrator, for an order to sell land, for hearing on the second Monday in December, 1867; but said petition, so set for hearing, failed to allege the jurisdictional facts required by law, in the following particulars: it did not allege an insufficiency of personal property to pay the debts of said decedent; it did not allege that the will of said testatrix gave no power to sell the lands for the payment of debts, and that the personal property was insufficient therefor; it did not give the name of said Benjamin N. Word, one of the devisees; it did not name any one as devisee; it did not give the residence of the heirs or devisees; it did not state that your oratrix was a married woman; nor that the heirs and devisees were over twenty-one years of age; and no notice of said petition, or of the time set for hearing the same, was ever given to the said Benjamin N. Word, or to the said James A. Arnett, the husband of your oratrix, who was then living. It is true, also, that on the 2d *November*, 1867, said administrator filed in the said Probate Court another petition for the sale of said land, a copy of which, marked 'Exhibit E,' is hereunto appended as a part of this bill; but said last-named petition was insufficient to give said court jurisdiction to decree the sale of said land, because it failed to give the name of said Benjamin N. Word, as one of the devisees; and because it did not allege that the will gave no power to sell the land for the payment of debts; and no proceedings were ever had by said Probate Court on said last-mentioned petition."

Vol. lx.

The said petition, "Exhibit E," which was sworn to on the 1st *November*, 1867, and marked filed 2d *November*, is in these words: "Your petitioner, John Turrentine, as ·the administrator with the will annexed, as the records of your court will show, states and alleges that the said Jane Mahone, deceased, departed this life, having prior thereto made and published her last will and testament, which has been heretofore duly proved and recorded in your honorable court, and which is made part hereof; in which said last will and testament, the said Jane Mahone devised to her two daughters, Jane F. Peete" |now Mrs. Bailey] and Laura W. Arnett, the following real estate, situated and lying in said county of Limestone, to-wit," particularly describing the lands now in controversy. "Your petitioner, as the administrator aforesaid, further states and alleges, that there are debts, liabilities, and charges against said estate, which have been presented to your petitioner, as administrator as aforesaid, to a larger amount, and payment demanded. Your petitioner, as administrator aforesaid, alleges and charges ·that the personal property belonging to said estate *are* wholly insufficient to pay the debts, liabilities, and charges, of and against the estate of said decedent; and he alleges that the real estate above described, which is all the land belonging to said estate, is required to pay the debts of and against said estate, and resort to said land and a sale thereof is necessary to pay the debts against said estate. Your petitioner [states] that said Jane Mahone died leaving, as her only heirs-at-law, as well as legatees and devisees, in, of, and under her said will, the following named persons—viz., Jane F. Peete, Laura W. Arnett, wife of James Arnett, and George Jamar; all of whom reside in the State of Alabama, and [are] over the age of twenty-one years. The premises considered, your petitioner prays your honor to decree and order the land above described sold for the payment of the debts against the said estate of said Jane Mahone. He further prays that said Jane F. Peete, Laura W. Arnett and her husband, James Arnett, and George Jamar, be made defendants to said petition, and, for this purpose, that proper process issue to them," &c.

The order setting a day for the hearing, which was also made an exhibit to the bill, is dated *October* 28, 1867, and recites that the administrator has *that day* filed his petition, asking a sale of the lands for the payment of debts; and it appoints the second Monday in December for the hearing, and orders notice to be given to Mrs. Peete, Mrs. Arnett, and George Jamar. The order of sale is dated the 9th *December*, 1867, and is as follows: "This being the day appointed,

more than forty days since, for hearing the application of John Turrentine, [administrator] with the will annexed in this court of said estate, for an order to sell certain lands, hereinafter described, for the purpose of paying debts of said deceased, and the costs and charges of administration, there being an insufficiency of personal property therefor; said lands being situated and lying in Limestone county, Alabama, and known and described as follows," &c.; "due notice of said filing, and of said day set for hearing, having been [given , by the summons of citation on all the parties defendants to said cause, requiring them to come forward and contest said application, if they thought fit and proper to do so; and no one appearing to contest, and the court being satisfied of the truth of the allegations of said petition, by proof taken by deposition as in chancery cases; from which it appears that there is not sufficient personal property to pay said debts and charges; and all the parties defendant being of full age, and the law being to the satisfaction of the court in all respects complied with; it is therefore ordered, adjudged, and decreed, that said land be sold," &c.

The bill prayed a cancellation of the administrator's deed to Mrs. Bailey, as a cloud on the title to the lands, a partition of the lands between Mrs. Bailey and the complainant, according to the terms of the will, an account of the rents and profits, and general relief. The chancellor sustained a demurrer to the bill, for want of equity, and his decree is now assigned as error.

CABANISS & WARD, for appellant.

R. A. McCLELLAN, contra.

STONE J.—The bill in this case admits that the complainant, at the time this suit was commenced, was not in possession of the lands in controversy. That is fatal to it, as a bill to remove a cloud from the title.—Rea v. Longstreet and Sedgwick, 54 Ala. 291; Daniel v. Stewart, at the last term.

2. Neither can the bill be maintained to recover possession of the lands, without averment, not found in this record, that Word, who holds the legal title in trust, refuses to bring an action for its recovery. If, as the bill avers, the sale under the decree of the Probate Court was void, then the remedy at law was complete and ample, and the Court of Chancery has no jurisdiction. If, on the other hand, the petition for the order of sale is sufficient to give the Probate Court jurisdiction, then the sale and conveyance passed

the title from the devisees, and Mrs. Arnett has no remedy in any court.—1 Brick. Dig. 939, § 355.

3. The bill, however, prays partition of the lands, according to the provisions of the will of Mrs. Mahone. For that purpose, the Court of Chancery has jurisdiction, if the complainant has averred a clear title to an undivided interest in the lands.—*Deloney v. Walker*, 9 Por. 497; *Horton v. Sledge*, 29 Ala. 478; *Ormond v. Martin*, 37 Ala. 598; *Sanders v. Robertson*, December term, 1876.

4. The present case was disposed of on demurrer sustained to the bill. In such case, we can only look at the pleadings brought to view by the demurrer—viz., the bill and exhibits thereto, and the defects therein pointed out by the demurrers. The exhibits show an unusual state of facts. On the 28th day of October, 1867, the judge of probate of Limestone county made an order, reciting that the administrator with the will annexed had filed his petition in writing, sworn to, praying for an order " to sell the land belonging to said estate for the purpose of paying the debts, charges, and cost of administration, there being an insufficiency of personal property for said purpose." Said order set the second Monday in December, " to hear and determine as to said prayer." The second Monday in December, 1867, was the 9th day of the month ; forty-two days after making the order. Four days afterwards—November 1st— a written petition was sworn to by the administrator, before the judge of probate, and it was filed in his office on the next day, which was November 2d, 1867 ; just thirty-seven days before 9th December. On the 9th December, the order of sale was granted, and the lands were sold under it.

The bill avers that a petition was filed before the order was made, October 28, and that the petition of November 2 was a second petition filed afterwards ; that the proceedings, order and sale were had under the first petition, and that said first petition has been lost. The bill further avers, that said first petition was defective in the following particulars : that it did not allege insufficiency of personal property to pay the debts ; did not allege that the will of testatrix gives no power to sell lands for the payment of debts, and that the personal property was insufficient therefor ; did not give the name of Benjamin N. Word (one of the devisees in trust), as one of the devisees ; did not give the residence of the heirs at law or devisees ; and did not state that Mrs. Arnett, complainant in this suit, was a married woman.

The petition (found in the record), filed November 2d, 1867, refers to the will, of record in the court, and makes it a part of the petition. This supplies the averment, omitted

from the body of the petition, that the will of testatrix contained no power of sale for the payment of debts, as the will contains no such power.—*Mosely v. Tuthill*, 45 Ala. 621, 654. The other averments of the petition of November 2d, 1867, although somewhat informal, are substantially sufficient to uphold the jurisdiction of the Probate Court, under the uniform rulings of this court.—See *King v. Kent*, 29 Ala. 542 ; *Satcher v. Satcher*, 41 Ala. 26, 39 ; *Wright v. Ware*, 50 Ala. 549 ; *Pettus v. McClannahan*, 52 Ala. 55 ; 1 Brick. Dig. 939, 941, §§ 353, 355, 384, 385.

5. If the averments of the bill be true, there were two petitions ; one filed October 28, and the other November 2d. The first is averred to be defective ; and if, as alleged, it failed to aver a want of power in the will to make sale for the payment of debts, it failed to assert the statutory ground for the sale of a testator's lands ; and there was, therefore, no jurisdiction shown in the Probate Court to order the sale, and the order was void. Such defect is fatal, even on collateral presentation.—Code of Ala. § 2447 ; *Ala. Conf. M. E. Church, South v. Price*, 42 Ala. 39, 49. It is contended for defendant, appellee· in this court, that there was in fact but one petition,—that shown in the record, filed November 2d. If this be so, then only thirty-seven days intervened between the filing of the petition, and the day set for hearing it. We consider it unnecessary to decide the disputed question above. If two petitions were filed, as averred by complainant, then, when collaterally presented, ·we will consider one as an amendment of the other, and give effect to both of them as conjointly sustaining the jurisdiction.—*Doe, ex dem. Saltonstall v. Riley*, 28 Ala. 164, 181. · If only the one copied in the record was filed, then the fact that less than forty days elapsed between the filing of the petition and the day set for the hearing is only matter of regularity, and does not oust the jurisdiction.—*Cox v. Davis*, 17 Ala. 714. The fact, if it be such, that the order setting a day for the hearing preceded the filing of the petition, does not render the proceedings void. Very liberal intendments are indulged, when such proceedings are collaterally presented, if the petition contain enough to give the court jurisdiction.—1 Brick. Dig. 941-2, §§ 385-6-7.

Decree of the chancellor affirmed.