## BERRY et al. v. MANNING et al.
### (8 Div. 500.)

(Supreme Court of Alabama. June 7, 1923.)

**1. Homestead ☞150(1)—A proceeding to set apart to widow is in rem.**

A proceeding by a widow to have her deceased husband's land set apart to her as a homestead is a proceeding in rem.

**2. Equity ☞430(1)—Decree valid on face, and rendered by court having jurisdiction, can be vacated only on appeal.**

If a decree is not void for want of jurisdiction, and its invalidity is not apparent on its face, neither the court rendering it at a term subsequent to its rendition, nor any court in the absence of fraud, except an appellate court on direct appeal, has the power to vacate it.

**3. Homestead ☞150(2) — Irregularity by court having jurisdiction does not invalidate decree as against collateral attack.**

If the probate court had jurisdiction to enter a decree setting a homestead apart to a widow, no mere irregularity in the proceeding will invalidate the decree when appealed on collateral attack.

**4. Judgment ☞518—Ejectment to recover land is collateral attack on decree setting aside as homestead.**

Ejectment by the heirs of a deceased landowner to recover land set apart to the widow as a homestead is a collateral attack upon the decree of the probate court setting apart the homestead.

**5. Homestead ☞150(2)—Confirmation of report setting apart homestead without waiting 30 days is mere irregularity.**

The rendition of a decree, affirming report of appraisers and setting apart a homestead to the widow without waiting the 30 days for exceptions as required, was merely an irregularity which did not render the decree void so as to subject it to collateral attack.

Appeal from Circuit Court, Colbert County; Chas. P. Almon, Judge.

Action in ejectment by Wade Berry and others against Arthur Manning and others. From a judgment for defendants, plaintiffs appeal. Affirmed.

Simpson & Simpson, of Florence, for appellants.

The decree of the probate court fails to show how long the report of the appraisers laid over. The report did not lay over as required by the statute, but the decree confirming the report was rendered 10 days after it was filed, and that decree is therefore void and inoperative. Code 1907, § 4211; 23 Cyc. 675, 720; Martin v. Martin, 173 Ala. 111, 55 South. 632; Street v. Griffin, 201 Ala. 397, 78 South. 965; Blacksher v. Northrup, 176 Ala. 197, 57 South. 743, 42 L. R. A. (N. S.)

454; Trammell v. Guy, 151 Ala. 311, 44 South. 37; Windsor v. McVeigh, 93 U. S. 274, 23 L. Ed. 914.

Kirk & Rather and Jackson & Deloney, all of Tuscumbia, and Mitchell & Hughston, of Florence, for appellees.

Where the jurisdiction has attached by the filing of a proper petition, any subsequent errors or irregularities are unavailing and will not invalidate the proceeding. Crowder v. Doe ex dem. Arnett, 193 Ala. 470, 68 South. 1005; Pettus v. McClannahan, 52 Ala. 57; Stevenson v. Murray, 87 Ala. 442, 6 South. 301; Satcher v. Satcher's Adm'r, 41 Ala. 26, 91 Am. Dec. 498; Lightfoot v. Doe ex dem. Lewis' Heirs, 1 Ala. 479; Lyons v. Hamner, 84 Ala. 198, 4 South. 26, 5 Am. St. Rep. 363; Moore v. Cottingham, 113 Ala. 162, 20 South. 994, 59 Am. St. Rep. 100; Craft v. Simon, 118 Ala. 625, 24 South. 380; Jones v. Woodstock, 95 Ala. 551, 10 South. 635; Conniff v. McFarlin, 178 Ala. 160, 59 South. 472; Neville v. Kenney, 125 Ala. 149, 28 South. 452, 82 Am. St. Rep. 230; Singo v. McGhee, 160 Ala. 245, 49 South. 290.

GARDNER, J. Suit in ejectment by appellants against appellees; plaintiffs and defendants claiming title through a common source.

One Jordan Berry died on August 7, 1916, leaving a widow and no minor children. At the time of his death he owned and occupied as a homestead the property in question. The plaintiffs are children of Jordan Berry by his first wife. There were no children by the second wife, though this second wife had children by a prior marriage; they or their representatives being defendants in this cause.

On October 9, 1916, Marcella Berry, the widow of Jordan Berry, filed her petition in the probate court of Colbert county praying that the land in litigation be set aside to her as exempt as a homestead. In this petition it was alleged that petitioner, Marcella Berry, was the widow of Jordan Berry, who died August 7, 1916, leaving surviving him his widow and the children therein named, each of whom was over 21 years of age. The land consisting of 80 acres was described by government numbers—its value being placed at $1,600; and it was averred that this land was occupied by decedent as a homestead, and constituted all the land owned by Jordan Berry at the time of his death. The personal property set forth in the petition is by agreement omitted from the statement of facts. The petitioner further alleged that the real and personal property owned and possessed by Jordan Berry at the time of his death did not exceed in value the exemptions allowed in favor of the widow; that he left no minor children;

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

that no administration has been granted on his estate, and that 60 days have elapsed since the date of his death. The prayer of the petition was in proper form.

Pursuant to this petition, commissioners were duly appointed, and the property appraised, the appraisement disclosing the property was in area and value less than that allowed as exempt; and the report setting aside the same to the petitioner, the widow, was confirmed.

[1] The report of the appraisers was filed on November 9, 1916, and the decree confirming the same was rendered November 19, 1916. The report should have lain over 30 days for exceptions, and it was error to enter the decree of confirmation at the expiration of 10 days. The question to be determined upon this appeal, therefore, is whether or not this is such an error as to vitiate the proceedings, and render them null and void upon this collateral attack. It is well settled that a proceeding of this nature is a proceeding in rem. Douglas v. Bishop, 201 Ala. 226, 77 South. 752; Headen v. Headen, 171 Ala. 521, 54 South. 646.

[2, 3] The petition in this cause contained the averment of every fact essential for acquiring jurisdiction by the probate court; this is not questioned. It is well established by numerous decisions that if a judgment or decree is not void for want of jurisdiction, and its invalidity is not apparent on its face, neither the court rendering it at a term subsequent to its rendition, nor any court in the absence of fraud, except an appellate court on direct appeal, has the power to vacate and annul it. The primary question is, Had the probate court jurisdiction to render this decree? If so, no mere irregularity in the subsequent proceeding will suffice to invalidate the decree when assailed on collateral attack. Crowder v. Doe, 193 Ala. 470, 68 South. 1005; Friedman v. Shamblin, 117 Ala. 476, 23 South. 821; Miller v. First Nat. Bank, 194 Ala. 477, 69 South. 916; Arnett v. Bailey, 60 Ala. 435; Singo v. Fritz, 165 Ala. 658, 51 South. 867; Singo v. McGhee, 160 Ala. 245, 49 South. 290.

In the case of Arnett v. Bailey, supra, the court had for consideration the decree of the probate court ordering the sale of the lands for the payment of debts upon the petition of the administrator. The time set for hearing the petition was less than 40 days from the date of its filing, but this error did not render the proceeding void, the court saying:

"The fact that less than forty days elapsed between the filing of the petition and the day set for the hearing is only matter of regularity, and does not oust the jurisdiction."

[4] We direct attention to that case as bearing rather close analogy to the question here under consideration. Many similar illustrations are to be found in the foregoing decisions and authorities therein cited, where a failure to observe statutory requirements in the subsequent proceeding were held to be errors or irregularities, which were available only to the interested parties by direct attack, but which did not render the proceeding subject to be assailed and declared void on the collateral attack. These decisions disclose that the present action is a collateral attack upon the probate proceeding, and, indeed, this is not questioned by counsel for appellant. The rulings of this court upon this question have now become a rule of property, and we adhere to these decisions.

[5] The probate court acquired jurisdiction in the proceeding referred to, and the subsequent error, as to confirmation of the report of the appraisers prematurely, was but an irregularity which did not render the proceeding void.

We have carefully considered the forceful argument of counsel for appellant, but we are of the opinion the authorities cited do not militate against the conclusion here reached, nor are they in conflict with the decisions hereinabove cited.

The cause was tried upon an agreed statement of facts; and the judgment for the defendants will be here affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.