(132 So. 20)

## BEDWELL et al. v. DEAN et al.
### 7 Div. 932.

Supreme Court of Alabama.

Oct. 16, 1930.

Rehearing Denied Jan. 29, 1931.

See, also, 221 Ala. 224, 128 So. 389.

Chas F. Douglass, of Anniston, for appellants.

Bibb, Field, Field & Woolf, of Anniston, for appellees.

SAYRE, J.

The original bill in this cause was filed April 10, 1916. But we have before us in the record only the substituted bill which was filed January 21, 1926. Another amendment was filed at a later date. The substituted bill seeks to set aside an order of the probate court of Cleburne county, of date December 7, 1911, by which a tract of 27½ acres adjacent to the town of Heflin was set apart and allotted to D. C. Bedwell, widow of J. P. Bedwell, deceased, as a homestead. It is alleged that complainants were not made parties to the proceeding in the probate court, nor had any notice of it until 1915, less than one year prior to the filing of the original bill; that the former owner, J. P. Bedwell, senior, had resided in the Indian Territory and the state of Oklahoma for seven years before his death there in 1907 with no intention of returning to this state; that the parcel of land, 27½ acres, was worth considerably more than $2,000; that Bedwell, Sr., left no minor children. Complainants are the heirs at law of J. P. Bedwell, Sr., deceased. The bill seeks a sale of the property for division among the heirs of Bedwell, some of whom, and the alienee of Mrs. Bedwell, are made parties defendant.

The proceeding in the probate court was under section 2097 of the Code of 1896. The provisions of that section have been changed in the Code of 1923, § 7948. But the change is of no importance in the present case. The proceeding in the probate court followed the statutes of that time, was in rem, and not in personam. The jurisdiction of that court to adjudicate the issue presented to it did not depend upon notice to the heirs. The petition having followed the statutory procedure indicated by section 2097, the order setting aside the property now in controversy was not void. Friedman v. Shamblin, 117 Ala. 454, and the cases cited on page 467 of that report, 23 So. 821, 825. In virtue of that proceeding and section 2100 of the Code of 1896, absolute title vested in the widow. The attack now made upon the order of the probate court proceeds, as we understand, upon the theory that it was not binding upon the heirs at law of the deceased owner for the reason that they were not parties nor had they notice of the proceeding in the probate court. The adjudicated cases to which we have referred deny the title of complainants to relief.

The difficulty presented for consideration is supposed to arise out of the decision in Shamblin v. Hall, 123 Ala. 541, 26 So. 285, followed in Kyser v. McGlinn, 207 Ala. 82, 92 So. 13. The question presented in that case was whether section 2100 of the Code of 1896 or the provisions of the act of 1877, embodied in section 2821 of the Code of 1876 and section 2543 of the Code of 1886, operated upon the right or title of the widow and minor children, and the court, holding that the widow and minor children, under homestead allotment, took only an estate for life or during minority, used language which may seem to overlook the decision in Friedman v. Shamblin, supra, and the cases there cited. The opinion here and now is that appellants' (complainants') attack upon the probate court proceeding and order cannot be maintained.

By way of alternative, appellants seem to argue that there was fraud in the

proceedings which led to the order of the probate court. But the substituted bill of complaint contains no charge of fraud; that is, no charge other than that based upon the fact that the adult heirs of the deceased owner were not parties and that the allegation as to the residence of the deceased owner was not truly stated and that the property was undervalued. The statute under which the proceeding was had, section 2097 of the Code of 1896, and the decisions interpreting its provisions, eliminate so much of the charge of fraud as depends upon the omission of the children and heirs of the deceased owner as parties, while, as for the rest, the allegations of the petition as to the residence of the deceased owner and as to the value of the property were contained in the pleading, were thus presented for adjudication, and no fraud can be predicated of the issues presented by them such as would now permit a collateral attack. It is not averred that they were made in bad faith or with intent to deceive or mislead the court. Friedman v. Shamblin, supra; Singo v. McGhee, 160 Ala. 245, 49 So. 290. The petition being sufficient to invoke the statutory jurisdiction and the proceeding being in rem, no subsequent errors or irregularities, however numerous or glaring, and however available to authorize a reversal by direct appeal, will avail anything when the jurisdiction is assailed on collateral attack. Robertson v. Bradford, 70 Ala. 385, where one exception, not material in the present cause however, is noted.

The decree dismissing appellants' bill is due to be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.