155 So. 543

**WILLIAMS v. OVERCAST et al.**
8 Div. 549.

Supreme Court of Alabama.
April 26, 1934.

Rehearing Denied June 28, 1934.

120

John E. Deloney, Jr., of Tuscumbia, for appellant.

W. H. Mitchell, of Florence, and Kirk & Rather, of Tuscumbia, for appellees.

THOMAS, Justice.

The bill sought a sale of lands for division among the alleged joint owners. It was amended and there was a final decree on the pleadings and proof.

The question of a joint tenancy, and the extent thereof, depends upon the validity of the decree of the probate court setting aside the homestead to the widow and minor child of W. B. Overcast, deceased.

The petition was duly verified by the widow to the probate court of the county in which decedent lived at the time of his death in 1914, leaving a homestead consisting of 160 acres and of less than $2,000 in value, which constituted his homestead and upon which he resided at his death; and avers that this land constituted all the land owned by decedent at the time of his death; that he left surviving him, his widow (petitioner) and Charlie Overcast, who, at the time of the death of W. B. Overcast, was a minor, but who is now over the age of twenty-one years; that "decedent left no other minor children"; that "more than sixty days haxe expired since

the death of W. B. Overcast and no administration has been had upon this estate"; and "prays that such action be taken and orders made and proceedings had by this court as may be necessary to set aside the above described property to petitioner and Charlie Overcast as the widow and minor child of W. B. Overcast, at the time of his death to the end that said property shall vest absolutely in them."

The probate judge duly appointed commissioners to appraise the property belonging to W. B. Overcast at the time of his death, who qualified and reported in part as follows:

"3. That decedent left a homestead described in said petition and being the N. E. ¼ of Section 22, Township 4, Range 14 West, containing 160 acres, which had a value at the time of his death of less than $2,000.00 and in our opinion its value at that time was $1200.00. And this constituted all the lands owned by said decedent.

"4. That Martha J. Overcast is the widow of said decedent, and Charlie Overcast was his only minor child.

"5. That more than sixty days has elapsed since decedent's death and no administration has been had upon his estate.

"We set apart the land above described to the said Martha J. Overcast and Charlie Overcast as the widow and minor child of decedent as an exempt homestead under Sections 7948 et seq. of the 1923 Alabama Code."

The decree of the probate court confirming the report of the commissioners and setting aside the land in fee simple to Martha J. Overcast, as the widow of W. B. Overcast, and Charlie Overcast, the minor child of W. B. Overcast, was:

"On February 29, 1928, J. A. Denton and S. L. Williams, commissioners heretofore appointed by this court to appraise and inventory the real and personal property belonging to W. B. Overcast at the time of his death in the year 1914, and to set aside exemptions allowed by law to Martha J. Overcast, his widow, and Charlie Overcast who was a minor child at the time of decedent's death, having on the 29th day of February, 1928, filed their report in writing and under oath, and the same having lain on file for more than thirty days and no exceptions or objections having been made thereto, it is therefore ordered, adjudged and decreed that the same be and it is hereby approved, ratified and confirmed.

"It further appearing from the petition in this cause, report of Commissioners and other good and lawful evidence, that W. B. Overcast while a citizen of Colbert County, Alabama, departed this life in the year 1914, leaving Martha J. Overcast his widow, and Charlie Overcast his only minor child, and that he left a homestead upon which he resided at the time of his death described as the N. E. ¼ of Section 22, Township 4, Range 14 West, which does not exceed in area one hundred sixty acres, nor did it exceed at the time of his death in value the sum of $2000.00, and that said land was all the land owned by decedent at the time of his death.

"It is therefore ordered, adjudged and decreed that said lands be and the same are hereby set aside to Martha J. Overcast as the widow of W. B. Overcast and Charlie Overcast, the minor child of W. B. Overcast, deceased, as a homestead to be exempt to them under the laws of the State of Alabama."

This action under the former statute had the effect of a selection and attaching the right of homestead exemption; and indeed it is held that the law in a proper case intervened and attached that right. Pollak v. McNeil, 100 Ala. 203, 13 So. 937; Kibbe v. Scholes, 219 Ala. 571, 577, 123 So. 61; Boutwell v. Spurlin Mercantile Co., 203 Ala. 482, 83 So. 481; Helms v. Helms, 214 Ala. 580, 108 So. 509.

The statutes of force at the date of the death of the intestate husband and father fixed the right of the widow and minor child as of that date; the evidentiary effect of the vesting of the right being sought under the statute in effect at the time of the petition, the report of the commissioners, and the decree thereon in the probate court.

It should be remarked at the outset that the instant case is a bill for division and is a collateral attack upon the proceedings in the probate court, setting aside, as it does, the homestead of W. B. Overcast to his widow, Martha J. Overcast, and minor son, Charlie Overcast; said property having been ascertained to constitute all the land owned by the decedent, to contain 160 acres, and not to exceed the sum of $2,000 in value. And it should be observed that: "'A direct attack upon a judgment is an attempt to amend, correct, reform, vacate, or enjoin the execution of the same, in a proceeding instituted for that purpose, * * * while a collateral attack is an attempt to avoid its binding force in a proceeding not instituted for one of the purposes aforesaid.' Schneider v. Sellers, 25 Tex. Civ. App. 226, 61 S. W. 541." Singo v. McGhee, 160 Ala. 245, 251, 49 So. 290, 292; Crowder v. Doe ex dem. Arnett, 193 Ala.

470, 68 So. 1005; Lyons v. Hamner, 84 Ala. 197, 4 So. 26, 5 Am. St. Rep. 363.

It is established law that in a proceeding in the probate court like the one in this instance, or akin thereto, whenever the jurisdiction of the court has attached by the filing of a proper petition by a proper party, such proceeding cannot be collaterally assailed for subsequent errors, however irregular. Berry v. Manning, 209 Ala. 587, 96 So. 762, suit in ejectment; Douglas v. Bishop, 201 Ala. 226, 77 So. 752, for cancellation of decree of homestead; Arnett v. Bailey, 60 Ala. 435, a bill for partition of lands and decree of probate ordering sale of lands held collaterally assailed; Singo v. McGhee, 160 Ala. 245, 49 So. 290; Id., 165 Ala. 658, 51 So. 867, petition to set aside the homestead held sufficient though not alleging the residence of decedent; Jones v. Woodstock Iron Co., 95 Ala. 551, 10 So. 635, held decree not to be assailed by heirs on the grounds that purchase money not shown paid or sale not made as directed; Conniff v. McFarlin, 178 Ala. 160, 59 So. 472, decree cannot be collaterally attacked for failure to name heirs; Craft v. Simon, 118 Ala. 625, 24 So. 380, the decree was upheld, on collateral attack, for failure of the decree to ascertain that the jurisdictional facts had been proven; Lyons v. Hamner, 84 Ala. 197, 4 So. 26, 5 Am. St. Rep. 363, ejectment.

The effect of the statute as to jurisdiction in the premises for setting apart homestead exemptions before administration is: (1) That the property in question was owned by the decedent at the time of his death; (2) that it does not exceed the amount and value of the exemption allowed in favor of the widow and minor child, or children, or either; and (3) that no administration is granted within sixty days after decedent's death; (4) that the petition be duly filed by the widow (or one authorized by statute) in the probate court of the county in which decedent resided at the time of his death; and (5) that it indicate whether the land described constituted all the lands of decedent at the time of his death, Section 7948, Code.

The petition before us was duly verified by the widow in the county where decedent resided; averred all of the foregoing, and was in the proper form of a proceeding in rem; and the decree rendered there was as provided for in section 7951 of the Code. The decedent died in 1914 and the proceeding taken thereafter was as indicated in sections 4220–4227, Code of 1907. This petition for the allotment was filed in 1928, and indicated that it was under the Code of 1928 as sections 7948–7956. There was no appeal or direct attack on the decree to have the same set aside for fraud in the procurement of that decree as provided and defined by our statutes and cases.

Prior to the Act of February 10, 1923 (Gen. Acts of 1923, p. 43; section 7934, Code of 1923), providing for notice to the heirs in setting aside a homestead exemption to the widow and minors, and under the statutes then of force, no notice was required. McDonald v. McAlily, 206 Ala. 105, 89 So. 198. In Lester v. Stroud, 212 Ala. 635, 637, 638, 103 So. 692, 694, which was before the act of 1923, the observation made of the old system without prescribed notice is: "This system naturally lent itself to abuses, and is now remedied by section 7934, Code of 1923." The court, in touching upon fraud on jurisdiction, further observed:

"The proceedings to set apart the widow's exemption under our statutes are in rem. * * *

"By the Code of 1907, in force at the time of decedent's death in the case at bar, the widow took a fee as against the heirs at law, only on a judicial determination that the lands set apart constituted all the real estate of the decedent and did not exceed $2,000 in value. Code 1923, § 7920 (4198). Still the procedure provided for setting apart the property in such case, whether in course of administration or without administration, required no notice to the heirs. * * *

"In the recent case of Keenum v. Dodson, 212 Ala. 146, 102 So. 230, we have dealt with the character of fraud which will support a bill in equity to vacate homestead proceedings. In that case the proceeding was under section 4224, Code of 1907; the fraud alleged being that the widow falsely and fraudulently alleged in her petition that the decedent left no minor children."

The statutes were again considered in Bedwell v. Dean, 222 Ala. 276, 132 So. 20, 21. (that proceeding being under and following section 2097 of the Code of 1896), where it was declared that the proceeding was "in rem" and jurisdiction "did not depend upon notice to the heirs"; that the sufficiency of the order setting aside homestead exemption was not raised where "the petition * * * followed the statutory procedure indicated by section 2097" of the Code of 1896; and that the "order setting aside the property * * * in controversy was not void," but was binding upon decedent's heirs, though "they were not parties nor had they notice of

the proceeding" under sections 2100 and 2097 of the Code of 1896.

In Jones v. Hubbard, 208 Ala. 269, 270, 94 So. 167 (before the statute, Acts 1923, p. 43), the observation is made that under the former statute a procedure in rem did not require notice to the heirs or next of kin of the decedent; that an appropriate decree setting apart a homestead to the wife was binding (without notice), *when not reviewed by appeal, unless the same "be successfully attacked for fraud."* (Italics supplied.) It was there said of jurisdictional questions concluded by the decree that:

"Where a probate court sets aside widow's homestead and exemptions, the decree is final as to (a) whether deceased at the time of his death owned the property, (b) whether the lands were all the lands he owned at his death and whether they exceeded either in value or area the constitutional limit of a homestead, (c) whether the personalty of which he died seized was worth more than $1,000, (d) whether the widow was in fact his widow, and (e) whether decedent left surviving him any minor child or children. * * *

"Such proceedings, as setting apart a homestead to the wife, although no notice was given to the next of kin was binding, when consummated by appropriate decrees not sought to be reviewed by appeal, unless the same can be successfully attacked for fraud; and that such a decree will not be set aside for fraud in a 'collateral proceeding,' because the widow's affidavit was false as to the amount of land of the deceased, as the fraud necessary to set aside a decree of a court of competent jurisdiction must be such as has relation to extrinsic matters, and not to a fraud in the matter in which the decree was rendered. Hogan v. Scott, 186 Ala. 310, 65 So. 209; De Soto, etc., Co. v. Hill, 188 Ala. 667, 65 So. 988; Id., 194 Ala. 537, 69 So. 948."

In declaring upon jurisdictional facts in Singo v. McGhee, 160 Ala. 245, 248, 49 So. 290, 291, under sections 2097 and 2100 of the Code of 1896, it was said: "The application must be verified, and must 'set forth such facts.' What facts? The facts set out in the statute, as a matter of course: First, that the real and personal property owned by the decedent at the time of his death does not exceed in amount and value the exemptions allowed in favor of his widow and minor child or children; second, that no administration was granted upon his estate within 60 days after his death; and, third, that he resided in the county in which the application is made at the time of his death."

This was declared to be a rule of property in Miller v. First National Bank, 194 Ala. 477, 69 So. 916, where it was held:

"In proceedings under sections 4224, 4227, Code 1907, in order to confer jurisdiction on the court, it is sufficient to allege that the property owned by decedent at the time of his death does not exceed in amount and value the exemptions allowed in favor of his widow, or minor child or children, or either, and upon its being so ascertained and declared under the statute, the title to the homestead vests absolutely whether the decree does or does not so expressly declare. * * *

"A decree alloting a homestead to the widow of a decedent cannot be collaterally impeached on the issue of whether the property was actually the homestead, or whether decedent in fact owned other property, and where no fraud in the procurement of the decree is charged or proven, such decree will not be disturbed."

These cases treated proceedings in rem, and held that the law of force at the time of the death of the decedent was that to be complied with, as to supplying the jurisdictional facts to be averred and shown.

The two sections of the Code of 1896 (sections 2100, 2097) above considered are, in respects here pertinent—as to vesting absolute title "in the widow and minor child or children, or either, as the case may be, share and share alike"—the same as sections 4224 and 4227 of the Code of 1907.

The decedent in the instant case died in 1914, and the last-cited sections of the statute and their construction as to a proceeding in rem are the law of this case, and which was applied in a procedure to set apart the homestead exemption to Mrs. Overcast and her son. Section 7956, Code.

In the decision of Buchannon v. Buchannon, 220 Ala. 73, 74, 75, 124 So. 113, 114 (Code of 1923, §§ 7934, 7948), the jurisdictional facts are recited to be as follows:

"* * * the petition shows decedent occupied the homestead at the time of his death; that it was less in area and value than the exemptions allowed by law to his widow and minor children; that he owned no other real estate; that more than 60 days had elapsed since his death and no administration granted on his estate; that he left surviving petitioner, his widow, and four minor children, naming them, as well as other adult children and descendants of children. * * * the petition further shows *the proceeding was instituted more than 18 years*

*after the death of the husband and father;* that meantime all the minor children have become of full age. [Italics supplied.] The final decree, on exceptions to report of the commissioners, finds all these averments to be true; and thereupon confirmed the report setting apart the homestead to the widow and four children who were minors at their father's death."

It was there held that the widow's and minors' homestead exemptions *are governed by the law in force at the time of the husband's and father's death* (Wiggins v. Mertins, 111 Ala. 164, 169, 20 So. 356; Waters v. Gadsden-Ala. C. L. Co., 182 Ala. 284, 62 So. 75; Long v. Brown, 206 Ala. 154, 89 So. 614); that by the Code of 1907 the "title did not vest as against heirs until the homestead was duly set apart and certain named facts judicially ascertained. Code, § 7920 (4198)." It was further held that:

" * * * so long as there is a widow and minor children, or either, having a possessory homestead right, an appropriate proceeding may be had to set apart the homestead and to judicially determine the facts upon which they take an absolute title. We limit this decision to proceedings had within 20 years from decedent's death. The property should be set apart only to the widow and minor child or children, or to minor child or children, who are minors at the date of such proceedings, and an absolute title vests in them only. * * *

"Our conclusion is that prior to section 7956 of Code of 1923, on arrival of a minor at full age, no proceeding to set apart the homestead and to vest a fee in him having been instituted, his homestead right was ended, and he took his position as an heir at law of the estate. * * *

"In this case, where there were a widow and four minor children at decedent's death, and all these minors have since arrived at age, the homestead should be set apart to the widow only, and, all these facts being adjudicated, the widow takes an undivided one-fifth interest in the reversion after the termination of her life estate.

"It was proper, and indeed it was the duty of the petitioner, to set forth all these facts, and it was the duty of the court to judicially determine the same in order that the true estate of the widow should appear. Keenum v. Dodson, 212 Ala. 146, 102 So. 230."

It is urged that the petition of the widow for setting aside the homestead (under the Code of 1907) gave only the names of the widow and the minor child at the date of the death of the husband and father, but did not contain the names of the adult heirs. It is here insisted that this was jurisdictional under the law of the Code in force and effect when the petition was filed and the decree entered.

In Cogburn v. Callier, 213 Ala. 46, 104 So. 330, the decedent had departed this life while the Code of 1907 was the rule; the widow dissented from the will of her husband, J. A. Cogburn, and sought her exemption and homestead right. The averments of her petition for setting apart the homestead to the widow, as taken from the original record in that case, were: "Your petitioner, Mrs. Lou A. Cogburn, as the widow of John A. Cogburn, deceased, respectfully makes known to your Honor, that she is the widow of the said deceased, and that he left no minor children, and that more than twenty days from the grant of administration upon the estate of the deceased have elapsed, that said administration is pending in said court, and that the exemptions in favor of the widow have not been set apart in the lands and personal property of the estate, wherefore she prays that your Honor will appoint commissioners for the purpose of setting apart the personal property and appraising the homestead as required by law," etc. The order thereon, by the judge of probate, was for the appointment of commissioners "to set apart the personal property exempt to the widow and appraise the homestead in the manner" provided; the jurisdictional facts being shown to exist and so reported by the commissioners under section 4208 of the Code of 1907. The heirs at law of J. A. Cogburn, by bill in equity against Lou A. Cogburn, sought to impeach for fraud the decree so rendered, on the ground of undue influence on the part of the commissioners to return a false valuation. The opinion held that fraud was not shown, and that: "Where there has been no administration of the estate, and an independent petition is filed for allotment of homestead under the code sections referred to, the petition must show the facts prescribed by the statute, which are regarded as jurisdictional; and, in the absence of such a showing the decree will be void on its face. Miller v. Thompson, 209 Ala. 469, 96 So. 481, 483; Chamblee v. Cole, 128 Ala. 649, 30 So. 630."

The two cases last cited—both by Mr. Justice Sayre—were: Miller v. Thompson, 209 Ala. 469, 471, 96 So. 481, where there was a lack of averment in the petition for homestead as to whether the land to be set apart was all the real property of decedent, whether or not it exceeded the amount and area al-

lowed by law as an exemption, and whether more than 60 days had elapsed since the death of deceased, and no administration had been granted; these facts were held jurisdictional; and Chamblee v. Cole, 128 Ala. 649, 30 So. 630, where the same averments were held necessary to confer jurisdiction. To the same effect are Keenum v. Dodson, 212 Ala. 146, 102 So. 230; McDonald v. McAlily, 206 Ala. 105, 89 So. 198; Jones v. Hubbard, 208 Ala. 269, 94 So. 167.

In Quick v. McDonald, 214 Ala. 587, 589, 108 So. 529, 531, a bill for the sale of lands for division among tenants in common, the proceeding to set apart a homestead was considered as being a proceeding *in rem* under sections 7948, 7951, Code of 1923, and the observation was there made that the several averred "jurisdictional facts, being brought within the *lis pendens, are adjudicated by the court;* and, while the decree remains unreversed on appeal, *and not vacated by direct proceeding in equity,* it cannot be assailed collaterally." The jurisdictional facts challenged in that case were fraudulent representation "that decedent left no minor children," when, in fact, there were such minor children, and "false averment of the quantity of the lands as being within the area" and value prescribed by the statute, when it exceeded that limit. The lack of notice was likewise averred. The court declared of a fraud that vitiates:

"Proceedings of this sort deal, not with transactions between parties themselves, nor alleged transactions inter partes, but with legal rights growing out of relationship to the subject-matter, law-made rights, or alleged rights. When such cause of action is concocted by fraudulently setting up the existence of conditions which are known not to exist, the law is made the instrument of fraud. The suit itself is the fraudulent transaction. There is fraud in the procurement of the decree. An element of public policy is involved when the law which creates the right of action is itself made the instrument of fraud.

"When, as here, the *proceeding is in rem,* the party injured having no notice thereof, and not wanting in diligence under the circumstances, a case is made for equitable relief under the authorities cited in Keenum v. Dodson, 212 Ala. 146, 102 So. 230; Lester v. Stroud, 212 Ala. 635, 103 So. 692. * * *

"Fraud, as a basis of relief, must be a contributing cause of the injury. If competent commissioners have performed their duty under oath, uninfluenced by any action of the petitioner or parties in collusion with her,

and made a bona fide report appraising the property, it cannot be said the fraudulent purpose of petitioner has entered into the rendition of the final decree, *in the absence of fraud in preventing a hearing,* as in Lester v. Stroud, 212 Ala. 635, 103 So. 692." (Italics supplied.)

We have indicated in Keenum v. Dodson, 212 Ala. 146, 102 So. 230, that the fraud in the petition of the widow, that there were no minor children of decedent, held to show fraud in procurement of the decree warranting equitable relief; and in Lester v. Stroud, 212 Ala. 635, 103 So. 692, there was a family agreement and settlement with the children and with the widow, as to her possession of property as exempt to her, and an alleged breach of trust thereby assumed and the subsequent proceedings of the widow for homestead held void.

The appellant's counsel in brief insists that: "The decree of the Probate Court is not collaterally attacked, but is assailed because it is void for the reason that the necessary jurisdictional allegations were omitted in the petition, and the Court never acquired jurisdiction, and the decree rendered on said petition was void." In support thereof he cites Phillips v. Ashworth, 220 Ala. 237, 124 So. 519, an action for damages where divorce was granted without the required notice; Tillery v. Tillery, 217 Ala. 142, 115 So. 27, and Smith v. Gibson, 191 Ala. 305, 68 So. 143, where divorces were sought on statutory grounds not averred; Martin v. Martin, 173 Ala. 106, 55 So. 632, involving the removal of an estate from the probate to the chancery court without averment of jurisdictional facts on which to rest the order of removal.

The foregoing decisions by appellant's counsel are not decisive here in a *proceeding in rem,* as was the instant proceeding setting apart homestead exemption to Mrs. Overcast and the child who was a minor at the death of the father. Lester v. Stroud, 212 Ala. 635, 637, 103 So. 692; Bedwell v. Dean, 222 Ala. 276, 132 So. 20; Jones v. Hubbard, 208 Ala. 269, 94 So. 167; Quick v. McDonald, 214 Ala. 589, 108 So. 529.

In this case there is no fraud averred that entered into and vitiated the decree rendered as a fraud on the jurisdiction of the court; no misrepresentation of jurisdictional facts that amounted to a concoction and fraudulent assertion of conditions, affecting other rights, and known by petitioner not to exist. All the averments of the petition and requirements of the statute were true and averred in the petition, except

the names and addresses and notice to those who were of age at decedent's death. That is to say, there was a total failure in the bill to aver any facts showing collusion and iniquity of any kind on the part of the petitioner, minor at interest, or any one for them. There is no challenge made as to the sincerity and correctness of the report of the commissioners, or as to the fairness and honesty in making the report, or of the court in the rendition of the decree. None of the allegations of the petition are disputed by the bill as last amended, or even questioned. The proceedings in the probate court were in rem, and the court acquired jurisdiction upon the facts set forth in the widow's verified petition: (1) That the land was the homestead of decedent at the time of his death; (2) that it was the only real estate owned by him; (3) that it was not more than 160 acres in area; (4) and of less than $2,000 in value; and (5) that there was only one minor child who was named in the petition. The evidence presented by this record shows these jurisdictional facts were averred in the widow's petition as they existed at the time of decedent's death, subject only to the change of the fact that the minor at the death of the father, named in the petition for homestead, *had since attained his majority.* And when testifying as a witness in his own behalf, the complainant Williams admitted that he was familiar with the probate court proceedings, prior to the time he purchased the interests of two of the Overcast heirs; and he testified to no facts tending to show fraud in the jurisdiction of the probate court in procuring the setting apart of the homestead, or in the rendition of the decree on coming in of the report of the commissioners.

■ In the petition and decree in the probate court, the writer is of opinion that a case is presented, under the homestead rights accruing prior to the Code of 1923 [under the Codes of 1907 and 1896], by the failure to give notice to adult heirs at the death of the father, like unto the failure of observance of provision for the appointment of a ·*guardian ad litem* to represent a minor in probate proceedings [section 8094, Code; Cogburn v. Callier, 213 Ala. 50, 104 So. 330], or of failure of observance of provisions [Section 7933 (4211), Code] requiring the report of the commissioners on the setting aside of a homestead, to remain open on file for thirty days before final decree by the court.

The other Justices hold that the petition for setting aside the homestead and proceed-

ings thereunder show no facts or failures rendering the decree of the probate court void as to the widow, and are of opinion that she took a half interest in that homestead by virtue of that decree; that the decree shows on its face that inclusion therein of Charlie Overcast, as the owner of the other half interest under the statute of force at the death of the father, was not (under the averments of the petition) within the provisions of section 7956, Code of 1923, not being of force when the right accrued on the death of the father, though it was of force when the petition was filed and the decree entered.

This failure as to Charlie's interest does not affect the interest with which the widow was invested in the homestead, cannot be taken advantage of as sought, and does not affect the validity of the decree. Berry v. Manning, 209 Ala. 587, 96 So. 762, the premature confirmation of the report; Arnett v. Bailey, 60 Ala. 435, where the names of all parties in interest are not stated; Friedman & Loveman v. Shamblin, 117 Ala. 454, 23 So. 821, where the failure to give notice or appoint a *guardian ad litem* is held a mere irregularity not available on collateral attack; Miller v. First National Bank, 194 Ala. 477, 69 So. 916, held on homestead allotment a decree cannot be assailed in the absence of fraud on the issue of whether it was actually a homestead, or whether decedent owned other property, and where no fraud in the procurement of a decree is charged and proven.

"It is well established by numerous decisions that if a judgment or decree is not void for want of jurisdiction, and its invalidity is not apparent on its face, neither the court rendering it at a term subsequent to its rendition, nor any court in the absence of fraud, except an appellate court on direct appeal, has the power to vacate and annul it. The primary question is, Had the probate court jurisdiction to render this decree? If so, no mere irregularity in the subsequent proceeding will suffice to invalidate the decree when assailed on collateral attack." Berry v. Manning, 209 Ala. 587, 588, 96 So. 762, 763.

As we have indicated, the recent decision of Quick v. McDonald, 214 Ala. 587, 590, 108 So. 529, rendered subsequent to the enactment of sections 7934 and 7948 of the Code of 1923, sustained the lower court in its decree; the bill in the Quick Case averred complainants, adults, had no notice of the proceedings, but notwithstanding this, the Supreme Court affirmed and upheld the de**cree.**

In the opinion of the writer, at the date of the death of W. B. Overcast, his son, Charlie Overcast, being the only minor, was a proper party in the proceeding to set aside the homestead; was carried in the petition filed by his mother in the probate court seeking to have the land set aside to them as exempt in fee simple, as under the law that obtained at the date of the death of the father and husband, and his right was protected by the decree. I am further of opinion that it was not of consequence that Charlie Overcast was of age at the date of the decree rendered by the probate court; he was the only minor when his father died—a determining fact under the Code of 1907 and section 7956 of the Code of 1923, which reads: "In all proceedings under this chapter to set aside, allot or decree homestead exemptions to the widow or minor children, where the title to the property so exempt or set aside vests title absolutely in the widow or minor children, one or both, the children who were infants or minors at the death of their deceased parent shall be held to take jointly with the widow and other minors or infants, if such there be, though such minors or infants be twenty-one years of age at the time the homestead is allotted, set apart, decreed or determined to vest title absolutely in the widow or minors."

The effect of this statute was to insure the claim of exemptions to a child *who was a minor at the date of the death of his father under the statute then obtaining, and to extend the time of making such claim beyond the date upon which the child attains his majority, . if instituted within the time indicated by the decisions.* Buchannon v. Buchannon, supra.

The other Justices adhere to the decision in Buchannon's Case, and hold that Charlie Overcast was not entitled to the benefit of the enabling statute (section 7956, Code), and that when he became of age without the homestead being set aside, he took his place with the other adult heirs.

■ It results from adherence to the decision in the Buchannon Case, supra, that in this case there was no severance of the whole of the mineral interest from the surface right, by the conveyance by Martha and Charlie Overcast; that Charlie's conveyance to appellees carried only his undivided interest in the lands that descended to him on the death of his father; that there was a joint tenancy or tenancy in common in the surface and mineral interests. Inman v. Prout, 90 Ala. 362, 7 So. 842; O'Neal

v. Cooper, 191 Ala. 182, 67 So. 689; 65 A. L. R. 894, note.

The property described in the bill and amended pleading may be sold for division among the joint tenants, and the decree of the circuit court is reversed and the cause is remanded.

Reversed and remanded.

All the Justices concur in the reversal.

THOMAS, J., dissents, in part, as he had indicated.

BROWN and KNIGHT, JJ., concur in the views expressed by THOMAS, J.