(98 South. 479)

**DANNE v. STROECKER et al. (1 Div. 286.)**

(Supreme Court of Alabama. Dec. 20, 1923.)

**1. Judgment ⬦443(1)—Bill held to show fraud in sale of devised lands for payment of claimed debts of testator.**

Bill to set aside decree and sale thereunder, of lands devised to complainant, for payment of claimed debts of testator, alleging absence of debts, ample personal property converted by executor to his own use, conspiracy of executors to defraud, filing of false claims and an agreement of persons interested, forged as to complainant, absence of process for and failure to bring complainant into the probate court, no knowledge by complainant of probate proceeding, etc., *held* to show fraud, authorizing the adjudging of the proceeding and sale a nullity against complainant, though the proceeding in probate was in rem.

**2. Executors and administrators ⬦388(5)— Purchaser not put on inquiry by failure to bring in devisee.**

Proceeding by executor to sell real estate for payment of decedent's debts being a proceeding in rem, failure to bring in the devisee did not constitute a defect in the record, so as to put on purchaser duty of inquiry as to fraud on devisee.

**3. Executors and administrators ⬦388(5)— Purchaser not put on inquiry by absence of appraisal.**

As the court, by filing of petition of executors to sell real estate to pay debts, acquired jurisdiction, failure of executors to cause appraisement of personal property and file inventory constituted mere irregularities, not rendering the proceeding void, nor putting the purchaser on inquiry as to fraud on devisee.

**4. Executors and administrators ⬦380(3)— Bill to set aside sale held to charge purchaser with knowledge of fraud.**

Bill, by devisee of land to set aside its sale by executors to pay debts, *held* to charge purchaser with knowledge of the fraud of the executors in procurement of the decree for sale, by keeping from the court knowledge of the existence of sufficient personal property, so as to deprive her of the position of an innocent purchaser.

Appeal from Circuit Court, Mobile County; Saffold Berney, Judge.

Bill in equity by Adele Emily Danne against Gustave Albert Stroecker and others, to set aside a decree of sale of the probate court. From a decree sustaining demurrers to the bill, complainant appeals. Reversed and remanded.

Sections 22, 23, and 24 of the bill as amended are as follows:

"(22) Oratrix says further that before purchasing the house, No. 10 North Lawrence street, said Catherine Arata, under whom the demurrants claim, had notice of and knowledge that the judgment of the probate court, under which said sale of said house had been au-thorized, had been procured, to be so authorized by the fraud of the executors of the deceased, which consisted in secreting from the knowledge of the said probate court, the fact that the deceased. at the time of her death, was possessed of a large amount of personal property, in value far exceeding the amount of claims against the estate of the deceased, and which was affected by the violation by said executors of the provisions of the Code of 1907. § 2579, which enacts that it is the duty of every executor or administrator, immediately after taking out letters, to collect and take into his possession the goods and chattels, money, books, papers, and evidences of debt of the decedent, except the personal property specifically exempted from administration under section 4199 (2072), and to make a full inventory of the same. Oratrix says that the said executors never, at any time, filed an inventory of the estate of the deceased in compliance with said section 2579, and that said Catherine Arata knew this fact before she purchased oratrix's property, as before related.

"(23) Oratrix says further that Catherine Arata, though whom the demurrants, Arata, claim, well knew before she bought said No. 10 North Lawrence street, the property of your oratrix, that the judgment under which the sale was made, was procured to be rendered by the concoction of the executors of the will of the deceased, and she knowingly confederated with them in said concoction. Oratrix says that said Catherine Arata well knew before she bought said lands, that the deceased, at the time of her decease, owned a large amount of personal property, far exceeding in value the alleged indebtedness of the deceased, and said Catherine Arata knew that the executors had failed to file an inventory of said personal property of the said deceased for the purpose of driving the said probate court into granting to them an order to sell oratrix's said land.

"(24) Oratrix says further that said Catherine Arata, through whom the demurrants claim, knowingly conferred with said executors of the deceased to sell said No. 10 North Lawrence street, by agreeing to purchase said No. 10 North Lawrence street, under a judgment of the probate court of Mobile county, Ala., which had been fraudulently procured, to be rendered by said probate court, with knowledge on the part of said Catherine Arata that the executors concocted to procure from the said probate court said judgment authorizing the sale of oratrix's land by fraudulently withholding from the records of the probate court, by failure to file inventory of personal property of the deceased, as required by law, the information that the decedent, at the time of her death, owned a personal estate, in value largely exceeding all the claims against testatrix's estate. Oratrix says further that said executors violated the requirements of the law of this state which make it the duty of every executor or administrator, immediately after taking out letters, to collect and take into his possession the goods and chattels, money, books, papers, and evidences of debt of the decedent, except the personal property specifically exempted from administration, and to make a full inventory of the same, which inventory must set forth the goods and chattels, enumerating each article

separately, all debts or demands due or accruing to the decedent the time such debts or demands are due, the amount of the same, and how evidenced, with the credits, if any, and the name of the debtor, and the amount of money, and which also required the said executors, on the return of the inventory, to take and subscribe an oath that such inventory is full and complete, as to the goods and chattels, debts, and money of the decedent, which have come to their knowledge and possession. Oratrix says further that said Catherine Arata, before she purchased oratrix's said land, knew that said executors had failed to make oath to and file such inventory, and thereby fraudulently deceived said probate court, and induced it to grant said executors a decree authorizing them to fraudulently sell oratrix's said land to said Catherine Arata. Oratrix says further that Catherine Arata well knew that the probate court, when it rendered said decree, and granted said executors said order to sell oratrix's real property, had fraudulently violated the laws of this state for the purpose of defrauding oratrix of her said land, and that said probate court's decree of sale of oratrix's said land was nothing more than an unlawful fraudulent concoction, null and void in equity."

Frederick G. Bromberg, of Mobile, for appellant.

Fraud is always an active cause for the intervention of a court of equity against the judgment of any court, providing that the party invoking that intervention has not been guilty of laches or is not herself particeps criminis. Wyman v. Campbell, 6 Port. 219, 31 Am. Dec. 677; Waring v. Lewis, 53 Ala. 615; McDonald v. Pearson, 114 Ala. 630, 21 South. 534; Hardeman v. Donaghey, 170 Ala. 362, 54 South. 172; Hogan v. Scott, 186 Ala. 310, 65 South. 209; De Sota Coal Min. & Dev. Co. v. Hill, 194 Ala. 537, 69 South. 948; Sims v. Riggins, 201 Ala. 99, 77 South. 393; Eskridge v. Brown, 208 Ala. 210, 94 South. 353; Tillman v. Thomas, 87 Ala. 321, 6 South. 151, 13 Am. St. Rep. 42; Alder v. Van Kirk, 114 Ala. 551, 21 South. 490, 62 Am. St. Rep. 133; Freeman on Judgments (2d Ed.) § 489; 2 Story, Eq. Jur. (10th Ed.) § 1575. It is the duty of one about to purchase lands, under decree of sale out of a probate court, to examine the records of that court before buying lands belonging to the estate of a deceased. Lindsay v. Cooper, 94 Ala. 170, 11 South. 325, 16 L. R. A. 813, 33 Am. St. Rep. 105; Tyson v. Brown, 64 Ala. 245; Williamson v. Branch Bank, 7 Ala. 906, 42 Am. Dec. 617; Howell v. Hughes, 168 Ala. 460, 53 South. 105.

Smiths, Young, Leigh & Johnston, of Mobile, for appellees.

Fraud cannot be alleged as a mere conclusion of the pleader; the facts constituting it must be alleged. Flewellen v. Crane, 58 Ala. 627; Riles v. Coston Riles Co., 208 Ala. 508, 95 South. 43. Proceedings such as those referred to in the bill are in rem, and jurisdiction attaches when a petition is filed averring the statutory ground for the sale, and recognized by an order or permission of the court to file the same, although the parties in interest are not personally served with process, or otherwise notified of the proceedings. Haynes v. Simpson, 143 Ala. 554, 39 South. 352; Howell v. Hughes, 168 Ala. 461, 53 South. 105. A sale under such proceedings cannot be collaterally attacked in a suit against the bona fide purchaser, on the ground that the plaintiffs did not contest the probate court proceedings, because they did not know their rights were involved. Cobb v. Garner, 105 Ala. 467, 17 South. 47, 53 Am. St. Rep. 136. The fraud that will sustain a collateral attack upon a judgment of a court having jurisdiction must be in the procurement of a judgment. Eskridge v. Brown, 208 Ala. 210, 94 South. 353; De Sota v. Hill, 194 Ala. 537, 69 South. 948; 9 Mich. Ala. Dig., 127.

SAYRE, J. Appellant filed this bill against Gustave Albert Stroecker, Catherine Arata, Lena Arata, and Ida Moore Arata, seeking to set aside, as having been procured by fraud a decree of sale, made in the probate court, by which Stroecker and his coexecutor, Adolph Danne (since deceased), under the will of appellant's (complainant's) mother, were authorized to sell, and did sell, a certain piece of real property in the city of Mobile for the payment of alleged debts of deceased. Stroecker and Catherine Arata have not been brought in. Lena and Ida Moore Arata demurred to the bill as originally filed and as twice amended. Their demurrers were sustained, and complainant appeals.

At the sale made in pursuance of the decree in question, Catherine Arata became the purchaser, and the demurring defendants, it is averred, claim under voluntary conveyances from her. It will not be denied that in these circumstances they have only such title as their grantor had. So then, the questions presented are (1) whether the bill sufficiently charges fraud, and (2) whether, on the facts averred, Catherine Arata should be charged with notice of the fraud alleged.

[1] 1. It is averred, in substance, that deceased left no debts; that the debts for the payment of which the real estate was sold were the debts of Adolph Danne; that deceased left a large personal estate, much larger even than the amount of debts alleged in the petition for the sale of the realty; that Adolph Danne converted this property to his own personal use; and that, in any event, there was no occasion or necessity for the sale of the realty, an interest in which had been devised to complainant. It is shown that no process was ever prayed or issued to bring complainant into the probate court, where she might have opposed the sale of her land, and it is averred that defendant Stroecker and his coexecutor, Adolph Danne, conspired to defraud complainant of the es-

tate devised to her by procuring its sale for the payment of the alleged debts of deceased and exhibited to the probate court, and filed therein, "in final settlement" a paper writing purporting to witness an agreement between all persons interested for the settlement of the estate of deceased, signed by complainant along with the others, reciting the sale of the land, the payment of debts, and the distribution of the balance among the parties in interest, including the sum of $719.33,. the receipt of which purports to be acknowledged by Adolph Danne and complainant for their joint use and in full of their interest in the estate. And it is averred that, so far as complainant is concerned, the instrument was a forgery; that she had no notice of the pendency of the administration, nor of the sale; that she took no part therein, and entered into no agreement with respect thereto, nor did she receive any part of the said fund. In sum, the averment is that the sale was the result of a conspiracy to defraud complainant. As excusing her delay in filing the bill, complainant avers that she has been from birth almost totally blind, that she is illiterate, dependent on the care of others, a nonresident of the county of Mobile, and had been ignorant of the proceedings in the probate court and of the sale of the land until immediately before the filing of this bill. Our opinion is that the facts, thus stated in outline, constitute a case of fraud in the management of the proceeding in the probate court—to employ the language of the decisions—in the concoction of the decree of sale, and that, upon proof in agreement with the full meaning and intent of their averment, the court, necessary parties being present, will be required to adjudge the proceeding and sale a nullity as against complainant. De Sota Co. v. Hill, 194 Ala. 537, 69 South. 948; Hardeman v. Donaghey, 170 Ala. 362, 54 South. 172. And this is true, in the circumstances stated, notwithstanding the proceeding in the probate court was in rem. Cobb v. Garner, 105 Ala. 465, 17 South. 47, 53 Am. St. Rep. 136.

[2-4] 2. The court is also of opinion that. on the facts averred, Catherine Arata was not a bona fide purchaser, must be charged with notice of the fraud affecting her title, and, per consequence, the title of the demurring defendants. In complainant's bill in its original shape it was averred that Catherine Arata was not a party to the alleged conspiracy, but, in effect, that reasonable inquiry upon her part would have discovered the fraud complained of. But the proceeding for the sale of the property was in rem (Wyman v. Campbell, 6 Port. 219, 31 Am. Dec. 677, which has been consistently followed in many cases), so that the failure to bring in complainant did not, of itself, constitute a defect in the record, nor was there averment,

up to this point, that the purchaser was informed of facts which ought to have aroused suspicion or stimulated inquiry, and, in the absence of circumstances of the sort, no general duty of inquiry rested upon the purchaser. Without withdrawing these averments, complainant attempted to improve this aspect of her bill by subsequent amendments. Thereby she showed that the executors had caused no appraisement to be made of the personal property of the estate, nor had they filed any inventory. But, the court having by the petition filed acquired jurisdiction to order a sale of the realty, these derelictions, apparent of record, were, in the absence of fraud, mere irregularities, not sufficing to render the proceeding void (Miller v. Thompson, 209 Ala. 469, 96 South. 481), nor, standing alone, were they badges of fraud, though they may well have constituted steps in a scheme of fraud, depending on the intent with which they were done and suffered. In our opinion the facts alleged in sections 22, 23, and 24 (which are reproduced in the report of the case) of the bill as last amended, in connection with the other averments to which we have briefly referred, are sufficient to charge Catherine Arata with knowledge of the fraud alleged, and so to deny to her the protection due to an innocent purchaser, and this notwithstanding the fact that later averments of the amended bill may in part be so construed as to make them inconsistent with the earlier averment that complainant does not charge that Catherine Arata "was a party to such conspiracy."

It results that the judgment of the trial court, sustaining the demurrer to complainant's bill as last amended, was error.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.