(103 So. 692)

**LESTER et al. v. STROUD et al.**
(7 Div. 442.)

(Supreme Court of Alabama. Jan. 22, 1925. Rehearing Denied April 16, 1925.)

1. **Descent and distribution ⬅78 — Widow's right of immediate possession and use of property at husband's death limited to his homestead.**

In view of Code 1923, §§ 7437, 7918, widow's right of immediate possession and use of property at time of husband's death was limited to house and lot last occupied by him; since neither her homestead or quarantine rights would entitle her to possession of his other houses and lots at that time.

2. **Descent and distribution ⬅78 — Widow's right of possession under her homestead right, limited to decedent's homestead until lands set apart.**

No right of possession of lands other than decedent's homestead passes to widow under her homestead right, whether for life or in fee, until it is set apart to her in course of administration, under Code 1923, §§ 7919, 7930, 7931, 7932, or without administration under section 7948.

3. **Descent and distribution ⬅75—Legal title to lands other than homestead with right to immediate possession vests in heirs at death of intestate husband.**

Upon death of intestate husband survived by widow, legal title with immediate right of possession to all his lands, apart from his homestead, vests in his heirs, subject to be intercepted for purposes of administration.

4. **Descent and distribution ⬅82 — Frauds, statute of ⬅129(4)—Parol agreement between widow and heirs whereby latter took all land for life held valid.**

Where intestate's widow entered into possession and use of all of his land, under agreement with his heirs that at her death it should come to them, such agreement is valid, and it is immaterial that it may have been subject to

statute of frauds, since widow's acceptance under it established a fiduciary relation and fixed status of property and her holding of same.

**5. Executors and administrators ⊙⊸194(1)—Proceedings to set apart widow's exemption are in rem.**

Proceedings to set apart widow's exemption under statutes are in rem.

**6. Homestead ⊙⊸150(1)—Setting apart of all of land as widow's homestead exemption, in violation agreement with heirs, held void.**

Where intestate's widow entered into possession and use of all of his land under parol agreement with his heirs that at her death it should come to them, procedure, in probate court under Code 1907, § 4198, by which, without notice to heirs, she had all lands set apart to herself as her homestead exemption, *held* breach of trust and void, though procedure in force at time required no notice to heirs, and placed burden on them to keep lookout for proceedings in probate court.

Appeal from Circuit Court, Calhoun County; A. P. Agee, Judge.

Bill in equity by J. W. Lester and others against Mary Stroud and others, to cancel, for fraud, proceedings in the probate court allotting homestead exemption to the widow of a decedent. From a decree sustaining demurrer to the bill, complainants appeal. Reversed, rendered, and remanded.

Chas. F. Douglas, of Anniston, for appellants.

The widow had no quarantine right in the property other than the homestead. Coue 1907, § 3824; Ogbourne v. Ogbourne's Adm'r, 60 Ala. 616; Melton v. Andrews, 76 Ala. 586; Hays v. Lemoine, 156 Ala. 465, 47 So. 97. There was no right of possession in the widow until dower was assigned. Bettis v. McNider, 137 Ala. 588, 34 So. 813, 97 Am. St. Rep. 59; Billingslea v. Glenn, 45 Ala. 546; 19 C. J. 531; Chavers v. Mayo, 202 Ala. 128, 79 So. 594. The widow was either a tenant or a trustee. 21 C. J. 941; Russell v. Irwin's Adm'r, 38 Ala. 50; Hardin v. Pulley, 79 Ala. 386; Hammond v. Blue, 132 Ala. 337, 31 So. 357; Willison v. Watkins, 3 Pet. 43, 7 L. Ed. 596. There was fraud upon the part of the widow in procuring the allotment. 2 Words and Phrases, 1380; Tobias v. Morris, 126 Ala. 535, 28 So. 517; Jones v. McPhillips, 82 Ala. 102, 2 So. 468; Sharfenburg v. New Decatur, 155 Ala. 651, 47 So. 95; Ivy v. Hood, 202 Ala. 121, 79 So. 587; Irvin v. Irvin, 207 Ala. 493, 93 So. 517; Peters Mineral Land Co. v. Hooper, 208 Ala. 324, 94 So. 611; Edmondson v. Jones, 204 Ala. 133, 85 So. 799; Mock's Heirs v. Steele, 34 Ala. 198, 73 Am. Dec. 455; Humphreys v. Burleson, 72 Ala. 4; De Soto Coal Min. Co. v. Hill, 194 Ala. 537, 69 So. 948; Hogan v. Scott, 186 Ala. 310, 65 So. 209; Hardeman v. Donaghey, 170 Ala. 362,

54 So. 172; Roche v. Slocumb, 206 Ala. 225, 89 So. 491; Rittenberry v. Wharton, 176 Ala. 390, 58 So. 293.

Merrill & Allen, of Anniston, for appellees.

The final judgment or decree of a court of competent jurisdiction is impeachable only for actual fraud in its procurement. McDonald v. Pearson 114 Ala. 643, 21 So. 534; Hogan v. Scott, 186 Ala. 313, 65 So. 209; Hardeman v. Donaughey, 170 Ala. 363, 54 So. 172; Douglas v. Bishop, 201 Ala. 226, 77 So. 752; McDonald v. McAlily, 206 Ala. 105, 89 So. 198. The statute does not provide for notice to the heirs or next of kin in probate proceedings, for allotment of homestead. McDonald v. McAlily, supra.

### Statement.

BOULDIN, J. Complainants are the heirs at law of the deceased husband, and respondents are the devisees of the widow, claiming through such proceedings purporting to vest an absolute title in the widow. The appeal is from a decree sustaining demurrers to the bill. The case made by the bill is, in substance, this: L. T. R. Lester, a resident of Alabama, died in 1909, leaving his widow, Hattie Lester, and no minor children or other lineal descendants. At the time of his death he owned and occupied as his residence a lot and dwelling house thereon in the city of Anniston. This lot, 57½ by 125 feet, was used in connection with the dwelling, except a parcel 30 by 60 feet in one corner, whereon was a store building in which decedent was conducting a mercantile business. He also owned at the time of his death two other lots in Anniston, each with a residence thereon, one located across the street from the family residence, and one several blocks therefrom, both rented and occupied by tenants of decedent, and not used as a part of the homestead. The value of the entire property at the time of his death exceeded $2,000, and was approximately $4,000.

The heirs of L. T. R. Lester were his brothers and sisters and the descendants of a deceased brother. Shortly after his death Hattie Lester, the widow, had prepared a deed to be executed by the heirs conveying all the property to her, and presented it to some of them, assembled at her instance, requesting its execution. This request was held open for consultation with the other heirs, resulting in an agreement among the heirs not to sign the deed, but to let the widow have the possession, use, and income of the property for her life, after which it should come to the heirs. This agreement was communicated to the widow, who replied she only wanted the use of the property for her life, had feared the heirs would dispossess her, and expressed satisfaction and gratitude for the

consideration shown her. Thereafter the widow and heirs living near her visited each other, maintained cordial relations, and the widow often expressed her thanks for the use of the whole property for her life, conferred with them about repairs, and otherwise indicated she was holding the property pursuant to this family arrangement.

Eleven years after the death of the husband, while this status continued, the widow took out letters of administration on his estate, with no occasion therefor, and, about three months thereafter, instituted proceedings and caused the entire property to be set apart to her as a homestead in such form as to vest in her the absolute title to the property. A copy of these proceedings is exhibited to the bill. No issue is made upon their form or sufficiency. No other act of administration was done. Complainants had no notice nor knowledge of the grant of letters of administration, nor of the homestead proceeding, nor any intimation of any change of relation to the property, until after the death of the widow in January, 1923. Upon her death a will was presented, dated in 1921, devising the property to respondents, her kindred. This will was duly probated.

It is further averred that no dower was ever assigned, and the widow owned a separate estate greater in value than her dower interest. It is further averred that the relation growing out of the family agreement was one of trust; that the acts and words of the widow were such as to lead a reasonable person to believe she was so holding the property, and would protect the interest of the heirs; that they were led to believe there would be no occasion for them to be on the lookout for the protection of their title; that 'the probate proceedings were the result of deception, breach of trust, and fraud; and that her devisees are estopped to claim thereunder.

The prayer is that the probate proceedings be decreed void and set aside, and an accounting be had for rents after the death of the widow.

The demurrer, by apt grounds, challenges the sufficiency of the averments of fraud to warrant the relief prayed.

## Opinion.

[1] Under the averments of the bill, the widow's right of possession and use of the property, its income and profits, was limited to the house and lot occupied by decedent at the time of his death. Neither her homestead nor quarantine rights would entitle her to the possession of the other houses and lots upon the death of her husband. Code 1923, § 7918 (4196); Id. § 7437 (3824); Gilbert v. Pinkston, 167 Ala. 490, 52 So. 442, 140 Am. St. Rep. 89; Hays v. Lemoine, 156 Ala. 465, 47 So. 97.

Whether the homestead right of the widow extended to these outside properties, in the event the entire real estate did not exceed in area and value the exemptions allowed by law, we need not here inquire. Headen v. Headen, 171 Ala. 521, 54 So. 646; Thompson v. Miller, 204 Ala. 502, 85 So. 689.

[2, 3] No right of possession of lands, other than the homestead of the decedent, passes to the widow under her homestead right, whether for life or in fee, until it is set apart to her in the course of administration under pertinent statutes. Sections 7919 (4197), 7932 (4210), 7930 (4208), 7931 (4209)— or without administration, under section 7948 (4224). Thacker v. Morris, 166 Ala. 395, 52 So. 73; Hodges v. Hodges, 201 Ala. 215, 77 So. 741; Headen v. Headen, supra; Chavers v. Mayo, 202 Ala. 128, 79 So. 594. It follows that upon the death of the husband the legal title, with the immediate right of possession, to the two residences and lots rented by the husband to his tenants, and apart from his homestead, vested in his heirs, subject to be intercepted for purposes of administration.

[4] When the heirs tendered the widow the use of this property for her life, such use was a gratuity on their part, subject to be recalled. The acceptance of such possession and use of the property by the widow was in recognition of and in subordination to their title. It is immaterial that such agreement may have been subject to the statute of frauds; it established a relation between the parties fixing a status of the property and the widow's holding of same. This was a relation of tenancy or agency. It was a fiduciary relation.

" 'Whenever two persons stand in such a relation that, while it continues, confidence is necessarily reposed by one, and the influence which naturally grows out of the confidence is possessed by the other, and this confidence is abused, or the influence is exerted to obtain an advantage at the expense of the confiding party, the person so availing himself of his position will not be permitted to retain the advantage, although the transaction could not have been impeached if no such confidential relation existed.' " King v. White, 119 Ala. 429, 433, 24 So. 710, 711; Tobias v. Morris, 126 Ala. 535, 28 So. 517; Russell v. Erwin, 38 Ala. 50; Irvin v. Irvin, 207 Ala. 493, 93 So. 517; 25 C. J. 1119, § 9, and notes.

"It is against public policy to allow persons occupying fiduciary relations to be placed in positions in which there will be constant danger of a betrayal of trust by the vigorous operation of selfish motives. It is a well-settled equitable rule that any one acting in a fiduciary relation shall not be permitted to make use of that relation to benefit his own personal interest, except with the full knowledge and consent of the other person, and such other person must be in possession of all his powers before he can be bound by that knowledge or consent." 25 C. J. 1120, § 10.

[5] The proceedings to set apart the widow's exemption under our statutes are in rem.

Formerly their effect was mainly to segregate the estate in course of administration; the widow retaining the exemptions, and the administrator being relieved of any duty as to them in the further performance of his trust. The widow took only a life estate in lands, unless the estate of decedent was declared insolvent. It has long been held that this statute (section 7918) requires a judicial ascertainment of insolvency in order to divest the fee out of the heirs at law and vest it in the widow. Whether this is by decree of insolvency in the probate court or by bill in equity, the heirs at law have notice of the proceeding. Code 1923, § 5998 (2759); O'Daniel v. Gaynor, 150 Ala. 205, 43 So. 205.

[6] By later statutes the widow, or widow and minor children, as the case may be, take a fee if all the real estate owned by the decedent does not exceed in area or value the homestead exemption. By the Code of 1907, in force at the time of decedent's death in the case at bar, the widow took a fee as against the heirs at law, only on a judicial determination that the lands set apart constituted all the real estate of the decedent and did not exceed $2,000 in value. Code 1923, § 7920 (4198). Still the procedure provided for setting apart the property in such case, whether in course of administration or without administration, required no notice to the heirs. This system naturally lent itself to abuses, and is now remedied by section 7934, Code of 1923.

The burden was thus placed on the heirs to keep a lookout for proceedings in the probate court which might be instituted and completed within 30 days. McDonald v. McAlily, 206 Ala. 105, 89 So. 198. Under the averments of the present bill, there was such fiduciary relation of long standing between these parties as to impose the duty to notify the heirs of a change of relation to this property. The situation would naturally put the heirs off guard. A proceeding to convert a life interest into a fee-simple title to the whole, making way for the passing of the property from the heirs of the husband to the devisees of the widow, under such conditions was a breach of faith.

In the recent case of Keenum v. Dodson (Ala. Sup.) 102 So. 230,[1] we have dealt with the character of fraud which will support a bill in equity to vacate homestead proceedings. In that case the proceeding was under section 4224, Code of 1907; the fraud alleged being that the widow falsely and fraudulently alleged in her petition that the decedent left no minor children. In opinion by Chief Justice Anderson, it was said:

"The foregoing being true, the bill makes out a case of fraud upon the court in the concoction or procurement of the decree, as it not only shows that the same was based upon false proof, but upon a false petition invoking the power or jurisdiction of the court to award the homestead to the widow to the exclusion of the minor children. Danne v. Stroecker, 210 Ala. 483, 98 So. 479."

The case is not different in principle, if a colorable administration is resorted to with the same purpose and result. The bill makes a case for relief in equity.

The decree sustaining the demurrer is reversed, and one is here rendered overruling same.

Reversed, rendered, and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.

