(124 So. 247)

## KELEN v. BREWER.   (6 Div. 67.)

Supreme Court of Alabama.   March 28, 1929.

Rehearing Denied June 13, 1929.   Further Rehearing Denied Oct. 31, 1929.

176

Rudulph & Smith, of Birmingham, for appellant.

Walter H. Anderson and Edgar Allen, both of Birmingham, for appellee.

SAYRE, J. The bill in this cause was filed by appellee, representing himself to be the guardian for Lula Turner, a person of unsound mind, and seeking relief of several kinds for the ward. There was a demurrer to the bill, upon which as yet there does not appear to have been any decree. It may be that section 5707 of the Code—new to the present Code and therefore not controlled by the Code of 1886, construed in West v. West, 90 Ala. 458, 7 So. 830—means that the bill in the present case was properly exhibited, though there is no formal averment as to the party or parties complainant. The bill, however, repeatedly speaks of the ward as party complainant. In the circumstances, we think further discussion of this objection to the bill may be deferred until such time as the trial court may have passed upon the demurrer.

Upon the prayer of appellee, embraced in the original bill duly verified, the court entered a decree removing the administration of the estate of Anthony Turner, deceased, from the probate into the chancery court. The bill alleged special equities which could be determined in the chancery court alone, viz. (for one thing): The equity to have the probate of the alleged will of Anthony Turner, deceased, set aside upon the ground that it was in fact a forgery and had been imposed upon the probate court by fraud. The evidence taken upon the motion to remove the appellant Kelen as administratrix of the estate fully sustained the averments of the bill, and there was no error in the order removing the administration into the chancery court—this, because of the averments of the petition for removal which, of themselves, made a case for equitable intervention in the administration on the averment of a cause of removal which could be tried in the chancery court only. McCraw v. Cooper (Ala. Sup.) 118 So. 337.[1] The decree ordering a removal of the administration having been properly made and nothing affecting it having intervened, the motion to vacate the decree was overruled without error.

Appellant was properly removed from her office as administratrix of the estate of Anthony Turner, deceased. The evidence on the hearing of the motion to remove was taken in the presence of the court. It disclosed the fact—without dispute, indeed—that the alleged will of the deceased, purporting to devise and bequeath the entire estate of deceased to the appellant, was a forgery, concocted by her and executed under her advice and direction after the death of the alleged testator, and imposed upon the probate court by means of a conspiracy to defraud appellee's ward and another of their heritable interest in the estate of deceased, constituting a case of fraud in the management of the proceeding in that court; to employ the language of the decisions, a fraud in the concoction of the decree admitting the will to probate. Danne v. Stroecker, 210 Ala. 483, 98 So. 479; Bolden v. Sloss-Sheffield Co., 215 Ala. 334, 110 So. 574, 49 A. L. R. 1206.

The administratrix having been thus removed, it was of course proper, and for that matter necessary, to appoint an administrator in her stead.

We have examined all questions raised by the record and the assignment of errors. Other questions have been discussed in a desultory way in the briefs. They must need wait until properly presented for decision.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.

---

[1] 218 Ala. 186.

On Rehearing.

SAYRE, J. These applications for rehearing, one by the so-called administratrix, the other by her surety (amicus curiæ), are as follows:

The so-called administratrix urges that she ought not to be removed from her office on the evidence adduced prior to an adjudication of the issues on which her right to the property of the deceased under his alleged will must depend. The statute, section 5789 of the Code, provides, among other things, that an administrator may be removed "when from his conduct or character there is reason to believe that he is not a suitable person to have the charge and control of the estate." This administrator was removed in pursuance of the quoted statute. The court thinks the statute should not be denied its statutory and necessary operation in a cause in which, from the nature of the case, the evidence adduced to sustain the charge that the administrator is not a suitable person happens also to have bearing upon the disputed question as to his property rights. To hold otherwise would result in retaining in the office of administratrix an unsuitable person for 12 months, it may be (section 5900 of the Code), during which to loot the estate. The statute does not admit of that process. The administratrix was properly removed.

As for the other objection, which is that Brewer's motion for the removal of appellant administratrix does not disclose his interest in the estate of decedent, it will suffice to say that the original bill in the cause is filed by Brewer as guardian of the non compos mentis wife of the deceased, who, in the event the so-called will is ultimately set aside, will be entitled to share largely in the estate. This sufficiently disclosed his right to make the motion against the administratrix. We hardly need to add that the question whether the will was by appellant procured to be forged, as affecting appellant's claim to the estate of deceased, will remain for adjudication in regular order.

Application overruled.

All the Justices concur.