147 So. 425

### LINDSEY v. LINDSEY et al.

5 Div. 123.

Supreme Court of Alabama.

March 23, 1933.

Rehearing Denied April 20, 1933.

490

James W. Strother, of Dadeville, for appellant.

Jacob A. Walker and O. P. Lee, both of Opelika, for appellees.

BOULDIN, Justice.

This cause originated in an application in the probate court of Chambers county for the removal of Ed. B. Lindsey, as executor of the estate of his father, J. B. F. Lindsey, deceased. Code, § 5789. From an order removing said executor an appeal was prosecuted to the circuit court. Code, § 6115, subd. 3. The present appeal is from the judgment of the circuit court affirming the judgment or order of the probate court. Code, § 6116.

The application for removal was filed by residuary legatees under the will of decedent. Coexecutors joined in the application as legatees, not as executors. It was entirely proper for them to join either as legatees or executors, or both; this by express statute. Code, § 5791. This is not a case wherein one executor cannot maintain a suit against another, as defined in Langley v. Langley, 121 Ala. 70, 25 So. 707; King v. Shackleford, 6 Ala. 423.

The statutory ground for removal set out in the application is that portion of subdivision 1, section 5789, which reads, " * * * when from his conduct or character there is reason to believe that he is not a suitable person to have the charge and control of the estate."

Other features of the application present issues under subdivisions 3 and 4 of the same section.

The petition sets forth in much detail the facts relied upon to show such executor "not a suitable person," etc.

Briefly stated, the charge was to the effect that the decedent had accumulated and for a long time had on deposit on savings account in a bank some $10,000, which constituted substantially all his estate save a farm which was devised to his son, Ed. B. Lindsey, the executor now complained of; that close confidential relations subsisted between father and son; that the son, with fraudulent purpose, induced his father to sign a check filled out by the son for the small sum of $8, payable to the son, and so filled out as to leave space to insert "Thousand" after the word "Eight" in the body of the check, and "000" after the figure "8" in the margin; that, after obtaining his father's signature, the son filled in these words and figures, and thereupon cashed the check for $8,000, which he fraudulently withholds, is wasting, etc.

An alternative charge is: That the check, if signed as it now appears, was obtained by undue influence. It is alleged the father was 81 years old, enfeebled in body and mind; that the son resided in the home with the father, attended to his business, dominated the mind and will of the father; that the check was the expression of the mind and will of the son, not of the testator or donor.

The averments of confidential relations between the donor [who, in the circumstances, is to be regarded in the light of a testator, one making a disposition of his estate in anticipation of death] and the donee, a favored beneficiary among the natural objects of his bounty, together with the alleged activity of the donee in drawing and procuring the execution of the check, with further averments of dominating influence, present a proper issue of undue influence.

Clearly, if the executor was guilty either of forgery as charged, or of obtaining the money by undue influence, which, under the will theretofore executed, would have passed to all the children, share and share alike, such character and conduct rendered him not a suitable person to 'act as executor.

Evidence in support of such charges goes to the essence of the statutory issue.

■ That such evidence indirectly tends to prove the executor liable in assumpsit, or chargeable with the money on settlement after removal, presents no sound objection to such testimony. Kelen v. Brewer, 220 Ala. 175, 124 So. 247.

While the application asserts as one of the grounds of removal that such executor, on final settlement, will be chargeable with such funds, and prays that a final settlement be ordered, and said sum then charged against him, the sole issue tried and judgment rendered thereon was: Should the executor be removed?

■ Neither the proceedings for removal, the evidence offered on that hearing, nor the order of removal will be admissible as evidence on the hearing touching liability for the money in question. This, of course, subject to any exception which might arise, wherein evidence on one judicial proceeding may become admissible on general principles in another and independent proceeding. What we mean to say is, this proceeding and judgment are not res adjudicata of the question of liability vel non, notwithstanding the same line of evidence may be presented. The hearing on liability, vel non, will be de novo. Kelen v. Brewer, supra.

■ Declarations of the decedent, subsequent to the date of this check, indicative of his belief that he still had this fund in the bank, and that he wanted his children to share it alike, were properly admitted in evidence, both on the issue of forgery and that of undue influence. Such evidence was not subject to the hearsay rule, the only specific objection interposed. Coghill v. Kennedy, 119 Ala. 641, 24 So. 459; Raney v. Raney, 216 Ala. 30, 112 So. 313.

We find no good ground to reverse the order of removal on consideration of the evidence.

■ The further order requiring the removed executor within one month thereafter to file accounts and vouchers for a final settlement was in keeping with Code, § 5925.

■ That there were remaining executors worked no change in such rule. In fact, the statute requires they be made parties to such settlement. Code, § 5926.

■ Nor does the fact that such final settlement was required within less than twelve months from the grant of letters render such order erroneous. The statute provides for such event, and the decree to be rendered in such case. Code, § 5927.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.