182 So. 10

### ALBRIGHT v. CREEL.

#### 6 Div. 261.

Supreme Court of Alabama.

May 12, 1938.

Rehearing Denied June 16, 1938.

288

L. C. Albright and Roy McCullough, both of Birmingham, for appellant.

Frank M. James, of Birmingham, for appellee.

ANDERSON, Chief Justice.

This is a bill filed by the appellant against the respondents for the sale of certain real estate for division among the joint owners and was tried upon an agreed statement of facts, which is set out in the report of the case.

The appellee filed answer and crossbill denying that appellant owned any interest in the land and setting up the source of his claim of title, that the decree of the probate court setting apart the land to the widow and the minor son was invalid as to the son from whom the appellant deraigned title, also a claim of title by adverse possession.

The agreed facts do not disclose that the decree of the probate court was void on its face as found by the trial court. In other words, the probate court had jurisdiction of the parties and the subject matter, the minor was such when his father died and when the proceedings were started to have the homestead set aside, and the only claim as to the invalidity of the probate proceedings is that while the son was a minor when the father died and when the proceedings to set aside the homestead was filed, he became of age before the report of the commission was confirmed; but it does not appear from the statement of facts or otherwise that the probate record shows that the said minor had arrived at twenty-one years of age before the sale was confirmed, non constat, this fact was not brought out and does not

appear in the proceedings which do not disclose its invalidity.

 It is well settled that when a decree of the probate court is not void for want of jurisdiction and its invalidity is not apparent on its face the same can not be collaterally attacked. Berry et al. v. Manning et al., 209 Ala. 587, 96 So. 762. This was a collateral attack, Williams v. Overcast et al., 229 Ala. 119, 155 So. 543, and cases there cited. Therefore, the trial court erred in holding that the decree of the probate court was void.

We think, however, that the appellee, Dolly Creel, established her claim of title to the one half interest claimed in the land by the appellant. She went into possession and claimed it as her own for over ten years before the present bill was filed. The deed from Wood to her was color of title and was made more than ten years before the present bill was filed and she assessed and paid taxes on the half interest for the ten years preceding the filing of this bill.

According to the appellant's theory and contention, there was no cotenancy existing between him and the appellee, Dolly Creel. Moreover her purchase of the appellant's interest in the land from Wood and the recordation of the deed was constructive notice that the appellee was claiming adversely.

The decree of the circuit court is affirmed.

Affirmed.

THOMAS, BROWN, and KNIGHT, JJ., concur.

### On Rehearing.

ANDERSON, Chief Justice.

Our attention has been called to the fact that the agreed statement of facts fails to show the exact date when the deed from Wood to Dolly Creel was recorded. True, the facts, as stated, show that Wood executed to her a deed May 15, 1918, and that said deed was recorded, but fails to disclose the date when it was recorded, but, irrespective of this, the record discloses such a severance of the interest between the title of Oscar Greathouse and his mother as to refute a joint tenancy. The record shows that the interest of the alleged minor, Oscar Greathouse, was levied on and sold by the sheriff who made

a deed to Wood, and Wood made a deed to Dolly Creel more than ten years before the present bill was filed. So, regardless of the date when the deed from Wood to Dolly Creel was recorded, we think the judgment, execution, and levy on the interest of Oscar Greathouse was evidence of a severance of the joint tenancy between Oscar and his mother and enabled the purchaser at the sheriff's sale, or one holding under him, to set up an adverse claim. This is not a question of one joint owner satisfying a lien or claim against the joint or common property or the redemption of same for the benefit of all the owners, but involves the sale of the separate, undivided interest of one tenant in common, separate and severable from the joint or common ownership of the property.

We also think that the cross-bill sets up a title in Dolly Creel, independent of the attack on the decree of the probate court.

The motion for a new trial is overruled.

THOMAS, BROWN, and KNIGHT, JJ., concur.